**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, and IRMA NUNEZ, <br><br> Plaintiffs, <br><br> v. <br><br> JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the New Jersey Department of Education, JENNIFER HARRIS, in her official capacity as President of the HACKENSACK BOARD OF EDUCATION, MARILYN DUNHAM, in her capacity as President of the BURLINGTON TOWNSHIP BOARD OF EDUCATION, BRENDAN McISAAC, in his official capacity as President of the NORTH HUNTERDON-VORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, DANIEL MacDONNELL, in his official capacity as President of the BETHLEHEM TOWNSHIP. BOARD OF EDUCATION, and HASANI K. COUNCIL, in his official capacity as President of the NEWARK BOARD OF EDUCATION, <br><br> Defendants. | Civil No. 3:24-CV-00107 (GC) (JBD) <br><br><br> **VERIFIED COMPLAINT AND JURY DEMAND** |

The plaintiffs, MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, and IRMA NUNEZ, by their attorneys Murray-Nolan Berutti LLC, with knowledge as to their own acts, and on information and belief as to all others, as and for their Verified Complaint allege as follows:

## OVERVIEW

1.     "The research is overwhelmingly clear; when parents play a positive role in their children's education, students do better in school," reads the Bethlehem Township School District website's home page.

2.     However, as with many New Jersey school districts which have taken the lead of

1

the New Jersey Attorney General and the New Jersey Department of Education, Hackensack Board of Education, Burlington Township Board of Education, North Hunterdon-Vorhees Regional High School District Board of Education, the Bethlehem Township Board of Education, and the Newark Board of Education, have removed parents from the most fundamental aspects of the education of the children in their school districts.

3.    More specifically, all of the defendants have promulgated, adopted, and enforced unconstitutional official policies which permit minor children to transition in any manner, including but not limited to 'social transitioning,' from their birth sex to their desired sex ("gender transition") in secret and without notice to, or fully informed consent of, parents and/or legal guardians. Pursuant to official government policies, the result is that minor students live double lives at home and at school, as their mental health is placed under severe and potentially life-threatening strain by such violations of long-established fundamental constitutional rights.

4.    The New Jersey Attorney General ("NJAG") has taken the official legal policy position that if requested by a student, school districts are required to, or at the very least are permitted to, hide gender transitioning from parents under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et. seq., which provides certain anti-discrimination protections for transgender individuals.

5.    The New Jersey Department of Education ("NJDOE") has likewise published official policy guidance to New Jersey public schools which encourage schools to violate long-established constitutional rights of parents by taking a "student-centered approach" to students who believe themselves to be transgender, and which declares "school district personnel should have an open, but confidential discussion with the student to ascertain the student's preference on matters such as chosen name, chosen pronoun use, and parental communications." (The "Guidance")

2

6. Such positions by the NJAG and NJDOE have no foundation whatsoever in the Nation's history or traditions. Rather, such positions are being taken for purely political reasons designed to advance social engineering goals, politicize school boards, and build voting coalitions, .despite their trampling long-established constitutionally protected rights of objecting parents under the First and Fourteenth Amendments of the United States Constitution.

7. The United States Supreme Court has recently held, in *Mirabelli v. Bonta,* 146 S.Ct. 797 (2026), that such policies permitting gender transitioning without notice to parents and/or guardians or without their fully informed consent, likely violate the First Amendment rights of parents with religious objections to gender transitioning and "long-established precedent" under the Fourteenth Amendment that "parents--not the State--have primary authority with respect to upbringing and education of their children." (Quotation omitted).

8. The plaintiffs herein are parents whose children attend public schools in New Jersey. None of the plaintiffs know or would be able to know if their children are being gender transitioned in violation of their First and/or Fourteenth Amendment rights under the United States Constitution, because secrecy is required by defendants' official government policies if a minor child requests that his or her parents not be informed. Further, none of the policies in question provides for a religious exemption for parents and/or guardians who object to their implementation with respect to their minor children.

9. Thus, the plaintiffs bring this lawsuit (a) seeking injunctive relief whereby defendants are precluded from promulgating, adopting, or enforcing any law or policy that violates such constitutional rights by failing to provide notice to parents and/or legal guardians, and to require their fully informed consent to the gender transition of their minor children; and (b) compelling defendants to provide notice to all parents and/or legal guardians within their school districts, or within their knowledge in the case of the NJAG and NJBOE, as to whether their minor

3

child was ever gender transitioned in a public school without notice to the parents and/or legal guardians, or to obtain the parents' and/or legal guardians' fully informed consent.

## THE PARTIES

10.     The plaintiff MARIA LEMA ("Ms. Lema") is the mother of two minor children who are enrolled in the Hackensack, New Jersey, public schools, which is the City in which she resides.

11.     The plaintiff ROBERT SHULL ("Mr. Shull") is the father of three minor children who are enrolled in the Burlington Twp., New Jersey, public schools, which is the Township in which he resides.

12.     The plaintiff CHRISTOPHER STADULIS ("Mr. Stadulis") is the father of a minor child who is enrolled in the North Hunterdon High School in the North Hunterdon-Voorhees Regional School District, and resides in Lebanon, New Jersey.

13.     The plaintiff LAURIE VALENTI ("Ms. Valenti") is the mother of two minor children, one of whom is enrolled in the Bethlehem Township public schools and the other of whom is enrolled in the North Hunterdon Regional High School, and resides in Bethlehem, New Jersey.

14.     The plaintiff IRMA NUNEZ ("Ms. Nunez") is a mother of a minor child who is enrolled in the Newark public schools.

15.     Defendant JENNIFER DAVENPORT is the NJAG, is a state actor, and is named herein in her official capacity.

16.     Defendant LILY LAUX is Acting Commissioner of the NJDOE, is a state actor, and is named herein in her official capacity.

17.     Defendant JENNIFER HARRIS is President of the HACKENSACK BOARD OF EDUCATION ("HBOE"), 191 2nd St., Hackensack, New Jersey 07601, is a state actor, and is

4

named herein in her official capacity.

18.    Defendant MARILYN DUNHAM is President of the BURLINGTON TOWNSHIP BOARD OF EDUCATION ("Burlington BOE"), 710 Jackson Road, Burlington, New Jersey 08016, is a state actor, and is named in her official capacity.

19.    Defendant BRENDAN McISAAC is President of the NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION ("NHVRBOE"), 1445 State Route 31 South, Annandale, New Jersey 08801, is a state actor, and is named in his official capacity.

20.    Defendant DANIEL MacDONNELL is President of the BETHLEHEM TOWNSHIP BOARD OF EDUCATION ("Bethlehem BOE"), 280 Asbury-West Portal Road, Asbury, New Jersey 08802, is a state actor, and is named in his official capacity.

21.    Defendant HASANI K. COUNCIL is President of the NEWARK BOARD OF EDUCATION ("NBOE"), 765 Broad Street, Newark, New Jersey 07102, is a state actor, and is named in his official capacity.

## JURISDICTION AND VENUE

22.    This action is brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, such that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

23.    Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), since it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

A.    **The Policies.**

24.    The Guidance, a true copy of which is attached hereto as **Exhibit A** and which is incorporated herein by reference, provides, in pertinent part:

> A school district shall accept a student's asserted gender identity; parental consent is not required. Further, a student need not meet any threshold

diagnosis or treatment requirements to have his or her gender identity recognized and respected by the district, school or school personnel. Nor is a legal or court-ordered name change required. There is no affirmative duty for any school district personnel to notify a student's parent or guardian of the student's gender identity or expression.

25.    HBOE, Burlington BOE, NHVRBOE, and Bethlehem BOE are all duly organized and formed pursuant to the laws of the State of New Jersey with respect to the establishment of school districts and school boards, and the Presidents of their Boards of Education are state actors.

26.    HBOE has promulgated, adopted, and presently enforces District Policy 5756 regarding Gender Identity and Expression in keeping with the Guidance, a true copy of which is attached hereto as **Exhibit B** and is incorporated herein by reference.

27.    Burlington BOE has promulgated, adopted, and presently enforces District Policy 5245.7 regarding Gender Identity and Expression in keeping with the Guidance, a true copy of which is attached hereto as **Exhibit C** and is incorporated herein by reference.

28.    NHVRBOE has promulgated, adopted, and presently enforces District Policy 5145.7 regarding Gender Identity and Expression in keeping with the Guidance, a true copy of which is attached hereto as **Exhibit D** and is incorporated herein by reference.

29.    Bethlehem BOE has promulgated, adopted, and presently enforces District Policy 5756 regarding Transgender Students in keeping with the Guidance, a true copy of which is attached hereto as **Exhibit E** and is incorporated herein by reference.

30.    NBOE has promulgated, adopted, and presently enforces District Policy 5145.7 regarding Gender Identity and Expression in keeping with the Guidance, a true copy of which is attached hereto as **Exhibit F** and is incorporated herein by reference.

31.    The Guidance and Each of the subject policies make disclosure to parents and/or guardians optional at the student's request, and the policies all place school guidance counsellors and principals in positions of authority with respect to the health, safety, and well-being of students

6

above that of fit parents and/or legal guardians. Indeed, and deceitfully, official school records are to be separately maintained under the birth name of gender transitioning students, which then allows school officials to provide student records to fit parents and/or legal guardians which do not reveal the truth about their children's gender transition status.

**B.    Gender Transitioning and Dysphoria.**

32.    Gender transitioning is a psychotherapeutic intervention and is not a neutral act.

33.    Gender dysphoria, which is closely associated with gender transitioning, is considered a serious mental-health condition that requires professional help.

34.    The United States Supreme Court has held that "[g]ender dysphoria is a condition that has an important bearing on a child's mental health, but when a child exhibits symptoms of gender dysphoria at school," and the State's "policies conceal that information from parents and facilitate a degree of gender transitioning during school hours," such "policies likely violate parents' rights to direct the upbringing and education of their children." *Mirabelli v. Bonta*, 146 S. Ct. 797, 803 (2026).

35.    Studies demonstrate that a large percentage of children who are gender transitioned are autistic and/or obsessive compulsive, and that children with psychiatric conditions and/or who are neuro-diverse are more likely to commit suicide, such that the mistaken belief that a child has gender dysphoria, as opposed to a psychiatric condition, may be dangerous and even life-threatening to the child.

36.    Indeed, at least one study has found that a significant majority of children diagnosed with gender dysphoria have at least one mental health or neurodevelopmental issue.

37.    A comprehensive survey of numerous studies released by the American College of Pediatricians, found as follows regarding mental health problems among transgender adolescents:

> Adolescents who have a gender identity not congruent with their biological sex have an increased incidence of mental health issues, including depression and

suicidal ideation. Both before and after "gender affirming therapy" (GAT), adolescents who have gender identity incongruence are at higher risk for psychopathology than their peers who identify with their biological sex. Previous adverse childhood experiences may play a major role in that psychopathology and needs to be explored in helping these patients. There are no long-term studies demonstrating benefits nor studies evaluating risks associated with the medical and surgical interventions provided to these adolescents. There is no long-term evidence that mental health concerns are decreased or alleviated after "gender affirming therapy." Many individuals who have been treated with "GAT" later regret those interventions and seek to align their gender identity with their sex. Because of the risks of social, medical, and surgical interventions, many European countries are now cautioning against these interventions while encouraging mental health therapy.

38.    A recent and comprehensive study in Finland regarding mental health outcomes in adolescents looked at *every single* transgender-identifying Finnish person *over the last thirty years* compared to non-transgender persons. Among the findings were the following:

> Psychiatric needs do not subside after medical gender reassignment . . . These adolescents had markedly higher psychiatric morbidity than controls before and after referral, with treatment needs often persisting and even intensifying after medical interventions--on some, they might even have a negative impact.

(*https://onlinelibrary.wiley.com/doi/10.1111/apa.70533*).

39.    Further, in 2016, the National Institutes of Health published a study which concluded that most adolescents desist from gender dysphoria if they do not gender transition.

*https://pubmed.ncbi.nlm.nih.gov/26754056/*

## C.    The Harm to the Plaintiffs.

40.    Each of the defendants has claimed that pursuant to law and official public policy, school boards must, or at least may, gender transition minor students without any disclosure to, or fully informed consent of, parents and legal guardians.

41.    The plaintiffs each have religious objections to policies which permit schools to gender transition minor children without notice to, or fully informed consent of, the minor children's parents and/or legal guardians in violation of their long-standing fundamental First Amendment rights to the free exercise of their religion.

42.     The plaintiffs each object to the policies which permit schools to gender transition minor children without notice to, or fully informed consent of, the minor children's parents and/or legal guardians since such policies violate their long-standing fundamental Fourteenth Amendment rights to have primary authority with respect to the upbringing and education of their children.

43.     The United States Constitution is the supreme law of the land such that State law, such as the NJLAD, does not take precedence over the plaintiffs' fundamental constitutional rights. Consequently, any State law which the NJAG claims creates, or which has been judicially held to create, an obligation that minor children may or must be permitted to gender transition in public school without notice to, or fully informed consent of, their parents and/or legal guardians, is unconstitutional in that it violates the fundamental First Amendment rights of religious objectors and Fourteenth Amendment rights of all parents and guardians.

44.     As such, any State law, policy or guidance that provides that parents need not be advised that their minor children are gender transitioning at school and that parents need not fully informed consent to such gender transitioning violates fundamental First Amendment and Fourteenth Amendment parental rights.

45.     Each and every school district which adopts and enforces district policies providing that parents do not need not be advised that their minor children are gender transitioning at school and that parents do not need to fully informed consent to such gender transitioning violates fundamental First Amendment and Fourteenth Amendment parental rights.

46.     Moreover, whether or not the plaintiffs' minor children presently are being gender transitioned in public school, defendants' official policies allow minor children to begin gender transitioning at any time without notice to the parents and/or legal guardians of such children, such that the existence of such official policies presents a constant threat to the fundamental

constitutional rights of the plaintiffs at all times.

47.    As such, defendants' interpretation of the NJLAD, the NJDOE's Guidance, and the Gender Identity & Expression policies of HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, and NBOE present a constant threat of an immediate and irreparable harm to the plaintiffs' fundamental constitutional rights regardless of whether their minor children are or are not currently being gender transitioned.

48.    There is no compelling governmental interest that supports defendants' interpretation of New Jersey law, policy guidance, or district policies, and even if such a compelling governmental interest existed, which is denied, the least restrictive means are not used to enforce such law, policy guidance, or district policies, such that they must be stricken as being unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

## FIRST COUNT
### (Declaratory Judgment 28 U.S.C. § 2201)

49.    The plaintiffs repeat and reassert each and every allegation above as is fully set forth herein at length.

50.    An actual controversy exists among the parties hereto within the jurisdiction of this Court as to their rights and responsibilities, which is appropriate for a declaration of the rights and other legal relations among and between them with respect to the matters set forth above.

51.    The plaintiffs are each fit parents who have fundamental constitutional parental rights pursuant to the Fourteenth Amendment to determine how best to raise, nurture, and educate their children.

52.    The plaintiffs each have the fundamental constitutional right to raise their children with religious values in which they believe, in keeping with the First Amendment.

53.    As fit parents, it must be presumed that at all times, the plaintiffs act in the best interests of their minor children regarding parenting decisions associated with raising, nurturing,

educating, and caring for the children's mental and physical health, development, and well-being, and their religious upbringing.

54.    Included within the plaintiffs' fundamental constitutional parental rights is the right not to be excluded from participation in decisions regarding their children's mental health.

55.    Defendants' acts, omissions, and official policies have violated the deeply rooted constitutional support for families and the fundamental rights of parents that are found within the Nation's history and traditions.

56.    Defendants' acts, omissions, and official policies have violated the plaintiffs' religious mores and beliefs contrary to the deeply rooted support for the free exercise of their religion that are found within the Nation's history and traditions.

57.    To the contrary, there is nothing in the Nation's history or traditions that supports a right of minor children under the United States Constitution to gender transition without notice to their parents and/or legal guardians, or to do so without the fully informed consent of parents and/or guardians, and no opt out or exemption exists in such policies for religious objectors.

58.    The Guidance violates the plaintiffs' fundamental constitutional rights under the Fourteenth Amendment, without limitation, since it substitutes, or threatens to substitute, the decisions of the State for those of the plaintiffs with respect to important aspects of their minor children's mental health, welfare, and ultimately physical health, should social transitioning lead to one or more of their children's desire to progress with medical gender transitioning without notice to and the fully informed consent of the minor child's plaintiffs and/or legal guardians and, thus, is void and unenforceable.

59.    To the extent that the NJLAD or any other state law, the Guidance, and/or the Gender Identity & Expression policies of HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, and NBOE ever precludes fit parents and/or legal guardians from receiving notice and providing

fully informed consent to all aspects of gender transitioning of their minor children in public schools, they violate fundamental constitutional parental rights under the Fourteenth Amendment, since they substitute the judgment of public officials for that of parents with respect to important aspects of their children's mental health, welfare, and ultimately physical health and, thus, are void and unenforceable.

60. To the extent that the NJLAD or any other state law, the Guidance, and/or the Gender Identity & Expression policies of HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, and NBOE ever precludes fit parents and/or legal guardians from receiving notice and providing fully informed consent to all aspects of gender transitioning of their minor children in public schools, they violate the religious beliefs of the plaintiffs, such laws and/or policies are void and unenforceable by reason of violating the plaintiffs' First Amendment rights.

61. There is no compelling governmental interest in the NJAG, the NJDOE, HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, or NBOE, or anyone operating on their behalf or under them, to gender transition a minor child without the notice to, and fully informed consent of, the child's parents and/or legal guardians.

62. Given the ongoing nature of the purported law, Guidance, and Gender Identity and Expression policies in question, any one or more of the plaintiffs' children may decide to gender transition at school at any time such that their plaintiff parent(s) are not provided notice thereof and do not have to give fully informed consent thereto, the harm to the fundamental constitutional rights of each one of the plaintiffs is irreparable, continuous and ongoing, and cannot be remedied other than by a determination that all such laws, guidance, and policies are unconstitutional and void *ab initio*.

63. Moreover, to the extent any child in one of the defendant school districts has been gender transitioned without the fully informed consent of a child's parents or legal guardians, given

12

the unconstitutional nature of such policies, the defendant school districts must be compelled to provide notice to each and every such parent in the school district of any such gender transitioning which has already occurred and/or is occurring, in keeping with the state agencies' obligation to turn square corners and to apply meaningful backward-looking relief to rectify any unconstitutional deprivation of fundamental rights.

64.    so that they may begin exercising their fundamental constitutional rights of which they have been deprived.

65.    To the extent that the NJAG or the NJDOE maintains records related to minor children who have been gender transitioned without notice to their parents and/or guardians, or who have been gender transitioned without parents and/or guardians providing fully informed consent, such parents and/or guardians must be notified in keeping with the state agencies' obligation to turn square corners and to apply meaningful backward-looking relief to rectify any unconstitutional deprivation of fundamental rights.

WHEREFORE, the plaintiffs demand judgment in his favor, and against defendants, as follows:

A.    Declaring that, to the extent that the New Jersey Attorney General interprets any State law as requiring or permitting the gender transitioning of minor children in public schools without notice to, and the fully informed consent of, fit parents and/or legal guardians, including but not limited to the plaintiffs herein, such interpretation and/or law is unconstitutional under the First Amendment Free Exercise Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and is void *ab initio*;

B.    Declaring that, to the extent that the Acting Commissioner of Education promulgates guidance or rules that require or permit the gender transitioning of minor children in public schools without notice to, and the fully informed consent of, fit parents and/or legal

13

guardians, such guidance and/or rule is unconstitutional under the First Amendment Free Exercise Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and is void *ab initio*;;

C.    Declaring that, to the extent that Hackensack Board of Education Policy 5756, Burlington Township Board of Education Policy 5145.7, North Hunterdon-Vorhees Regional High School District Board of Education Policy 5145.7, the Bethlehem Township Board of Education Policy 5756, and/or the Newark Board of Education Policy 5145.7, and/or any other school district policy within the defendant public school systems, requires or permits gender transitioning of minor children without notice to and/or the fully informed consent of their fit parents and/or legal guardians, including but not limited to the plaintiffs herein, they are unconstitutional violations Due Process rights under the Fourteenth Amendment of the United States Constitution and the First Amendment's Free Exercise clause, and are void *ab initio*;

D.    Declaring that there is no compelling governmental interest in any of defendants' legal positions providing for gender transitioning of minor children without notice to, or fully informed consent of, fit parents and/or legal guardians, including but not limited to the plaintiffs herein;

E.    Declaring that there is no fundamental right under the United States Constitution for a minor to engage in gender transitioning;

F.    Declaring that any and all State laws, guidance, rules, and/or policies cause irreparable harm to fit parents and/or legal guardians, including but not limited to the plaintiffs herein, to the extent that they do not require notice to, and fully informed consent of, gender transitioning of their minor children, and are void *ab initio*.

G.    Permanently restraining and enjoining the New Jersey Attorney General, and anyone acting under her, from interpreting or enforcing the any State law requiring or permitting

14

interference with any aspect of fit parents' and/or legal guardians' education of their minor children including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the religion in public school in any way, without notice to and the fully informed consent of the fit parents and/or legal guardians of such minor children;

H.      Permanently restraining and enjoining the Acting Commissioner of Education, and anyone acting under her or through her, from promulgating, adopting, or enforcing any rule or guidance requiring or permitting interference with any aspect of fit parents' and/or legal guardians' education of their minor children including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the religion in public school in any way without notice to, and the fully informed consent of, such fit parents and/or legal guardians;

I.      Permanently restraining and enjoining Hackensack Board of Education, Burlington Township Board of Education, North Hunterdon-Vorhees Regional High School District Board of Education, the Bethlehem Township Board of Education, and the Newark Board of Education, acting by and through their Presidents and/or anyone working for or with them, from promulgating, adopting, and/or enforcing any District Policy which deprives fit parents and/or guardians, including but not limited to the plaintiffs herein, of notice and fully informed consent with respect to any aspect of their children's education including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the fit parents' and/or legal guardians' religion in particular;

J.      Compelling Hackensack Board of Education, Burlington Township Board of Education, North Hunterdon-Vorhees Regional High School District Board of Education, the Bethlehem Township Board of Education, and the Newark Board of Education, acting by and

15

through their Presidents and/or anyone working for or with them, to inform all fit parents and/or legal guardians of students who were minors within the districts at any time, including but not limited to the plaintiffs herein, if their child was gender transitioned without notice to and/or the fully informed consent, including but not limited to the plaintiffs herein;

K.     Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to the plaintiffs herein, that their minor children are being, or had in the past been, gender transitioned without the fit parents' and/or legal guardians' receipt of notice and/or their fully informed consent;

L.     Providing temporary restraints and preliminary injunctive relief as needed;

M.     Awarding the plaintiffs all costs of suit, including reasonable attorneys' fees and costs;

N.     Awarding such other and further relief as may be equitable and just.

## SECOND COUNT
### (42 U.S.C. § 1983 –Parental Rights/Free Exercise)

83.     The plaintiffs repeat and reassert each and every allegation above as is fully set forth herein at length.

84.     The plaintiffs knowingly committed a constitutional tort by creating official policies which require and/or permit the gender transitioning of minor children without notice to fit parents and/or legal guardians and without their fully informed consent so as to frustrate long-established constitutional Due Process under the Fourteenth Amendment and/or First Amendment rights under the United States Constitution.

85.     The NJAG and NJDOE have and had provided a purported legal basis for the unconstitutional conduct of HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, and NBOE conduct through legal interpretations and Guidance which violated long-established Parental

Rights under the Fourteenth Amendment and/or the First Amendment of the United States Constitution.

83. Such constitutionally tortious conduct was undertaken by all defendants as a matter of public policy, custom, and practice under color of law.

84. There is no compelling, significant, or other reasonable governmental interest in any state actor to gender transition minor children in violation of the plaintiffs' fundamental constitutional rights as aforesaid, and the acts of all defendants in such regard otherwise are arbitrary, capricious, and/or irrational.

85. The existence of the subject official legal interpretations, Guidance, and Gender Identity & Expression policies violate the United States Constitution's First and Fourteenth Amendments, and are causing continuous and irreparable harm, endanger the health of minor children, and otherwise are inequitable, such that the plaintiffs are likely to succeed on the merits.

86. The balance of hardships to fit parents whose fundamental constitutional rights are being harmed is much greater than any that may be suffered by defendants which, given their constitutional violations and the danger presented to children of fit parents and/or legal guardians, is non-existent.

87. The public interest demands that the fundamental First and Fourteenth Amendment constitutional rights of fit parents and legal guardians prevail over defendants' desire to advance social engineering goals, politicize school boards, and build voting coalitions, especially since such social engineering goals, political considerations, and vote building coalitions present potential danger to the well being of minor children who are deprived of their parents' and/or legal guardians' advice and support.

88. By their actions, defendants have acted under color of law to deprive the plaintiffs and all fit parents and/or legal guardians of minor children of the rights, privileges, or immunities

17

secured by the Fourteenth Amendment of the United States Constitution and the First Amendment of the Constitution and have caused the plaintiffs to suffer irreparable harm.

WHEREFORE, the plaintiffs demand judgment in their favor, and against defendants, as follows:

A.      Permanently restraining and enjoining the NJAG, and anyone acting under her or through her, from enforcing the NJLAD or any other state law to the extent that it may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent for any gender transitioning of their minor children, in violation of the Fourteenth and/or First Amendment of the United States Constitution;

B.      Permanently restraining and enjoining the Acting Commissioner of the NJDOE, and anyone acting under her or through her, from providing guidance to a New Jersey district school to the extent that it may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent for any gender transitioning of their minor children, in violation of the Fourteenth and/or First Amendment of the United States Constitution;

C.      Permanently restraining and enjoining Hackensack Board of Education, Burlington Township Board of Education, North Hunterdon-Vorhees Regional High School District Board of Education, the Bethlehem Township Board of Education, and the Newark Board of Education, acting by and through their Presidents and anyone working for or with them, from promulgating, adopting, and/or enforcing policies that may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent for any gender transitioning of their minor children, in violation of the Fourteenth and/or First Amendment of the United States Constitution;

18

D.    Compelling Hackensack Board of Education, Burlington Township Board of Education, North Hunterdon-Vorhees Regional High School District Board of Education, the Bethlehem Township Board of Education, and the Newark Board of Education, acting by and through their Presidents and/or anyone working for or with them, to inform all fit parents and/or legal guardians of students who were minors within the districts at any time if their child was gender transitioned without notice to and/or without receiving fully informed consent of the fit parents and/or legal guardians, including but not limited to the plaintiffs herein;

E.    Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to the plaintiffs herein, that their minor children are being, or had in the past been, gender transitioned without those fit parents' and/or legal guardians' receipt of notice and/or fully informed consent to such gender transitions;

F.    Awarding the plaintiffs all costs of suit, including reasonable attorneys' fees and costs, per statute;

G.    Awarding such other and further relief as may be equitable and just.

## JURY DEMAND

The plaintiff demands trial by jury on all Counts so triable.

**MURRAY-NOLAN BERUTTI LLC**
*Attorneys for the Plaintiffs*

*/s/ Ronald A. Berutti*

By:_____
Ronald A. Berutti

Dated: April 28, 2026

19

## VERIFICATION UNDER OATH

Maria Lema, of full age, being duly sworn upon her oath according to law deposes and says:

1. I am a plaintiff in this matter.

2. I have read the Complaint and aver that the facts contained therein are true to the best of my knowledge except as to those matters stated on information and belief, which I believe to be true.

*Maria Lema*

Maria Lema

Dated: April 28, 2026

## VERIFICATION UNDER OATH

Robert Shull, of full age, being duly sworn upon his oath according to law deposes and says:

1. I am a plaintiff in this matter.

2. I have read the Complaint and aver that the facts contained therein are true to the best of my knowledge except as to those matters stated on information and belief, which I believe to be true.

_____
Robert Shull

Dated: April 24th, 2026

18

## VERIFICATION UNDER OATH

Christopher Stadulis, of full age, being duly sworn upon his oath according to law deposes and says:

1. I am a plaintiff in this matter.

2. I have read the Complaint and aver that the facts contained therein are true to the best of my knowledge except as to those matters stated on information and belief, which I believe to be true.

_____
Christopher Stadulis

Dated: April _27_, 2026

22

**VERIFICATION UNDER OATH**

Laurie Valenti, of full age, being duly sworn upon her oath according to law deposes and says:

1. I am a plaintiff in this matter.

2. I have read the Second Amended Complaint and aver that the facts contained therein are true to the best of my knowledge except as to those matters stated on information and belief, which I believe to be true.

_____
Laurie Valenti

Dated: April _24_ , 2026

22

## VERIFICATION UNDER OATH

Irma Nunez, of full age, being duly sworn upon her oath according to law deposes and says:

1. I am a plaintiff in this matter.

2. I have read the Complaint and aver that the facts contained therein are true to the best of my knowledge except as to those matters stated on information and belief, which I believe to be true.

Irma Nunez

Dated: April __27__, 2026

23