UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, and IRMA NUNEZ, <br><br>     Plaintiffs, <br><br> v. <br><br> JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the New Jersey Department of Education, JENNIFER HARRIS, in her official capacity as President of the HACKENSACK BOARD OF EDUCATION, MARILYN DUNHAM, in her capacity as President of the BURLINGTON TOWNSHIP BOARD OF EDUCATION, BRENDAN McISAAC, in his official capacity as President of the NORTH HUNTERDON-VORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, DANIEL MacDONNELL, in his official capacity as President of the BETHLEHEM TOWNSHIP. BOARD OF EDUCATION, and HASANI K. COUNCIL, in his official capacity as President of the NEWARK BOARD OF EDUCATION, <br><br>     Defendants. | Civil No. <br><br><br> **ORDER TO SHOW CAUSE** |

**THIS MATTER** having been brought before the Court by Murray-Nolan Berutti LLC, attorneys for the plaintiffs Maria Lema, Robert Shull, Christopher Stadulis, Laurie Valenti, and Irma Nunez on Order to Show Cause seeking temporary restraining order and preliminary injunction pursuant to *Fed. R. Civ. P.* 65 and *L. Cv. R.* 65. 1, and upon the Verified Complaint and Memorandum of Law submitted herewith, the Court having determined that good and sufficient reasons exist to proceed by way of Order to Show Cause, and for good cause shown,

    **IT IS** on this _____day of _____, 2026,

**ORDERED** that defendants appear and show cause on the _____ day of _____, 2026, before the United States District Court for the District of New Jersey, _____, U.S.D.J. at the U.S. Courthouse, located at _____, New Jersey, at _____ o'clock, in the _____ noon, or as soon as thereafter that counsel can be heard, WHY an Order should not be entered pending a hearing on the merits for a preliminary injunction as follows;

1    Restraining and enjoining the New Jersey Attorney General from interpreting state law to require or permit a school district to engage in gender transitioning of minor children of fit parents and/or legal guardians, including but not limited to the plaintiffs herein, without first providing notice to the parents and/or legal guardians, and without the fully-informed consent of the parents and/or legal guardians, as likely violating the First Amendment Free Exercise Clause and or the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

2    Restraining and enjoining the Acting Commissioner of Education from promulgating, adopting, or issuing any guidance that requires or permits a school district to engage in gender transitioning of minor children of fit parents and/or legal guardians, including but not limited to the plaintiffs herein, without first providing notice to the parents and/or legal guardians, and without the fully-informed consent of the parents and/or legal guardians, as likely violating the First Amendment Free Exercise Clause and or the Due Process Clause of the Fourteenth Amendment of the United States Constitution..

3    Restraining and enjoining the Hackensack Board of Education, the Burlington Township Board of Education, the North Hunterdon-Vorhees Regional School District Board of Education, the Bethlehem Township School District Board of Education, and the Newark

Board of Education, by and through the President of their school boards or anyone acting under or with the Presidents of such school boards, from promulgating, adopting, or enforcing any policy that requires or permits their school district employees and/or those acting on the districts' behalf to engage in any form of gender transitioning of minor children of fit parents and/or legal guardians, including but not limited to the plaintiffs herein, without first providing notice to the parents and/or legal guardians, and without the fully-informed consent of the parents and/or legal guardians, as likely violating the First Amendment Free Exercise Clause and or the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

4   Permanently restraining and enjoining the NJAG and anyone acting under her, from interpreting or enforcing the NJLAD or any other State law as requiring deprivation of notice and a requirement of fully informed consent of fit parents and/or guardians with respect to any aspect of their children's education including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the fit parents' and/or legal guardians' religion in particular;

5   Permanently restraining and enjoining HBOE, Burlington BOE, NHVRBOE, Bethlehem BOE, and NBOE from adopting and/or enforcing any District Policy which deprives fit parents and/or guardians, including but not limited to the plaintiffs herein, of notice and fully informed consent with respect to any aspect of their children's education including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the fit parents' and/or legal guardians' religion in particular;

6   Compelling the Hackensack Board of Education, the Burlington Township Board of

Education, the North Hunterdon-Vorhees Regional School District Board of Education, the Bethlehem Township School District Board of Education, and the Newark Board of Education, by and through the President of their school boards or anyone acting under or with the President, to disclose to fit parents and/or legal guardians of if their child was gender transitioned without notice to the fit parents and/or legal guardians and/or without receiving their fully informed consent, including but not limited to the plaintiffs herein;

7  Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to the plaintiffs herein, that their minor children are being, or had in the past been, gender transitioned without the parents' and/or legal guardians' receipt of notice and/or to without their granting their fully informed consent to such gender transition, including but not limited to the plaintiffs herein;

8  Providing temporary restraints and preliminary injunctive relief as needed;

9  Awarding the plaintiffs all costs of suit, including reasonable attorneys' fees and costs;

10 Awarding such other and further relief as may be equitable and just.

PENDING a hearing on the merits of this Order to Show Cause:

1.  A copy of this Order to Show Cause, Verified Complaint, and supporting Memorandum of Law submitted in support of this application, shall be served as follows:

_____

within _____ days hereof;

2.  Defendants shall file and serve a written response to this Order to Show Cause, if any, on or before _____, 2026; and

3.  The plaintiffs must file and serve any written reply papers to defendants' opposition to the Order to Show Cause on or before _____, 2026.

If defendants do not file and serve Opposition to the Order to Show Cause, the application will be decided on the papers on the return date and relief will be granted by default.

If the plaintiff has not already done so, a proposed form of Order addressing the relief sought on the return date must be submitted to the Court no later than three (3) days prior to the return date.

The Court will notify the parties whether it will entertain oral argument on the return date of the Order to Show Cause in accordance with *Local Rule* 78.1.

ENTER:

_____

Honorable _____ , U.S.D.J.

Dated: _____ , 2026