UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, and IRMA NUNEZ, <br><br>     Plaintiffs, <br><br> v. <br><br> JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the New Jersey Department of Education, JENNIFER HARRIS, in her official capacity as President of the HACKENSACK BOARD OF EDUCATION, MARILYN DUNHAM, in her capacity as President of the BURLINGTON TOWNSHIP BOARD OF EDUCATION, BRENDAN McISAAC, in his official capacity as President of the NORTH HUNTERDON-VORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, DANIEL MacDONNELL, in his official capacity as President of the BETHLEHEM TOWNSHIP. BOARD OF EDUCATION, and HASANI K. COUNCIL, in his official capacity as President of the NEWARK BOARD OF EDUCATION, <br><br>     Defendants. | Civil No. |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE SEEKING A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER.**

---

Ronald A. Berutti
**MURRAY-NOLAN BERUTTI LLC**
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
(908) 588-2111
*Ron@MNBlawfirm.com*
Attorneys for Plaintiffs

## TABLE OF CONTENTS

CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................3

LEGAL ARGUMENT ...............................................................................................................3

POINT I: THE PLAINTIFFS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION PENDING THE OUTCOME OF THIS ACTION  .............................3

CONCLUSION...........................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**

*Ala. Ass'n of Realtors v. HHS,* 594 U.S. 758, 762 (2021) ................................................................6

*Elrod v. Burns,* 427 U.S. 347, 373 (1976) ....................................................................................6

*Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97 (1993) ...............................................................9

*Meyer v. Nebraska,* 262 U.S. 390, 399-400 (1923) ......................................................................2

*Mirabelli v. Bonta,* 146 S. Ct. 797 (2026) ...............................................................1, 2, 3, 4, 6, 7, 9

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978) ..............................................................5

*Nken v. Holder,* 556 U.S. 418, 434 (2009) ..................................................................................6

*Pierce v. Society of Sisters,* 268 U.S. 510, 534-535 (1025) .............................................................2

*Roman Catholic Diocese v. Cuomo,* 592 U.S. 14, 19 (2020) ..........................................................6

*Troxel v. Granfille,* 530 U.S. 57, 68-69 (2000) ............................................................................6

*W.V. v. Pangborne & Co. v. New Jersey Dep't of Transp.,* 116 N.J.
543, 561 (1989) .....................................................................................................................9

**RULES AND STATUTES**

42 USC §1983 ........................................................................................................................5

N.J.S.A. 10:5-2 *et seq* ............................................................................................................2

## PRELIMINARY STATEMENT

The plaintiffs, Maria Lema, Robert Shull, Christopher Stadulin, Laurie Valenti, and Irma Nunez submit this brief in support of a temporary restraining order and preliminary injunction in keeping with the Verified Complaint filed herewith. This application seeks to enjoin Attorney General legal interpretations or enforcement, Department of Education policy guidance or rule making, and school districts promulgating, adopting, or enforcing Gender Identity and Expression policies that permit minor students to engage in any form of gender transition without notice and/or the fully informed consent of fit parents and/or legal guardians. Such Official Government Policies on Gender Transition[1] are on all fours with California's approach to gender transitioning of minor children which the United States Supreme Court recently held was likely to be in violation of fundamental First Amendment and long-standing Fourteenth Amendment protections in the United States Constitution. Thus, the plaintiffs seek a preliminary injunction herein as was granted by the Supreme Court in *Mirabelli.*

More specifically, in *Mirabelli v. Bonta*, 146 S. Ct. 797 (2026), the Supreme Court held that teachers and parents objecting to the California Attorney General's

---

[1] The Attorney General Policies, Acting Commissioner of Education's Guidance, and local school districts' Gender Identity and Expression policies are hereafter collectively referred to as the "Official Government Policies on Gender Transition"

1

interpretation of state law, Department of Education guidance, and local school district policies that required secrecy from parents when their minor children sought to gender transition were likely to succeed on the merits of their injunction request. The Supreme Court found that fundamental First Amendment Free Exercise rights were likely being violated by California by not providing an opt out for religious objectors. The Supreme Court also held that "[u]nder long-established precedent, parents--not the State--have primary authority with respect to 'the upbringing and education of children.'" *Id.;* 2026 U.S. LEXIS 1192, \*6 (*quoting Pierce v. Society of Sisters*, 268 U. S. 510, 534-535 (1925); *Meyer v. Nebraska*, 262 U. S. 390, 399-400, (1923)). Thus, California's policies violated the Fourteenth Amendment Due Process Clause with respect to fit parents and legal guardians who were not provided notice and/or who did not provide fully informed consent to such practices.

Based on *Mirabelli* being squarely on point with the plaintiffs' allegations herein that their First and Fourteenth Amendment rights are being violated by the New Jersey Attorney General, the Acting Commissioner of Education, and the defendant school boards which are acting through their Presidents and/or those working under or with them, a preliminary injunction precluding such continued promulgation, adoption, and enforcement of Official Government Policies on Gender Transition is warranted.

2

## STATEMENT OF FACTS

The facts are fully set forth in the accompanying Verified Complaint and Jury Demand. In the interest of brevity, they will not be repeated herein

## LEGAL ARGUMENT

### POINT I

### THE PLAINTIFFS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION PENDING THE OUTCOME OF THIS ACTION.

In keeping with *Mirabella*, the plaintiffs' challenges to all of the Official Government Policies on Gender Transition satisfy all requirements for a temporary restraining order and preliminary injunction.

In *Mirabella*, the plaintiffs' claims were almost identical to those which are the subject of this lawsuit. Specifically, the Supreme Court framed the issues as follows:

> During litigation, the school district claimed that state law, as interpreted by the California attorney general and Department of Education, required it to adopt these policies. So the teachers added state officials as defendants, and parents of California schoolchildren joined the lawsuit as plaintiffs. Relying on their own experiences and guidance documents issued by state officials, plaintiffs alleged that California's policies permitted disclosure of a student's gender transitioning at school only if the student consented. Plaintiffs claimed that these policies violated their rights under the Free Exercise Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment.

*Mirabelli, supra*, 2026 U.S. LEXIS 1192, *1-2.

3

The United States Supreme Court ultimately vacated the Ninth Circuit's stay of a preliminary injunction in favor of plaintiffs. Thus, California's secret gender transition practices of minor in public schools through legal interpretations, guidance, and local school district policies is now enjoined. The Supreme Court reached such conclusion by applying strict scrutiny analysis to the plaintiffs' constitutional claims under the First and Fourteenth Amendment, finding that California's legal interpretations, guidance, and district policies violated the plaintiffs' fundamental constitutional rights since the state actor defendants were unlikely to have their legal positions be able to withstand strict scrutiny.

Procedurally, the plaintiffs here are slightly different than the plaintiffs in *Mirabelli*. However, the outcome should remain the same. More specifically, in *Mirabelli*, the plaintiffs included a class of teachers who objected to being compelled to use gender pronouns for students that were misaligned with the students' birth gender and keeping silent about the gender transitioning of students, in violation of their First Amendment Free Exercise rights. A subclass of parents also joined in the lawsuit seeking to vindicate parents' substantive Due Process rights under the Fourteenth Amendment. The named parent plaintiffs in *Mirabelli* both had minor children who were gender transitioned without notice to the parents or receipt of the parents' fully informed consent. With respect to the parents' subset class, the Supreme Court noted that "the injunction does not provide relief for all the parents

4

of California public school students, but only for those parents who object to the challenged policies or seek religious exemptions."

The plaintiffs herein object to the challenged policies both on Fourteenth Amendment parental rights, and First Amendment religious objection grounds. The fact that they do not know whether their children are the subject of gender transitioning is immaterial to the question of whether an injunction is merited, because the existence of the Official Government Policies on Gender Transition in and of themselves makes it impossible for the plaintiffs to ever know if or when their minor children are being, or may be, gender transitioned. Consequently, absent an injunction precluding defendants from further promulgating, adopting, or enforcing any and all such policies, including those presently existing that are specified in the Verified Complaint, the plaintiffs are under constant threat of having their minor children gender transitioned without notice and without their fully informed consent, which is a violation of their fundamental constitutional rights.

"[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [42 U.S.C.] § 1983," it may be held liable for such violations of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The very claims made here regarding defendants' official government policies were held to likely be

5

unconstitutional in *Mirabelli*. In both cases the plaintiffs object to the government policies on First Amendment Free Exercise, and Fourteenth Amendment Due Process grounds. The Supreme Court has held that a strict scrutiny analysis must be applied to all such claims. *Mirabelli,* 2026 U.S. LEXIS 1192, *5. The Supreme Court further held that the *Mirabelli* plaintiffs satisfied the traditional four factor test for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies" *Ala. Ass'n of Realtors v. HHS*, 594 U.S. 758, 762 (2021) (*quoting Nken v. Holder*, 556 U. S. 418, 434 (2009)). For the same reasons, the plaintiffs herein satisfy such test.

"[S]o long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel v. Granville*, 530 U.S. 57, 68-69 (2000). Absent allegations that a parent is not fit or there being a Court finding in such regard, "there is a presumption that fit parents act in the best interests of their children." *Id.* at 68. Additionally, "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Catholic Diocese v. Cuomo,* 592 U.S. 14, 19 (2020) (*quoting Elrod* v. *Burns*, 427

6

U.S. 347, 373 (1976) (plurality opinion)).

The plaintiffs herein are fit parents and are likely to succeed on the merits based on *Mirabelli* and its progeny on both First and Fourteenth Amendment grounds. Thus, they satisfy the first part of the preliminary injunction test. Second, given that the plaintiffs do not and cannot know whether their minor children are being gender transitioned, which may have happened in the past, may be happening now, or could happen at any time in the future while their children are minors, absent a stay the plaintiff parents are being irreparably harmed. Not having notice or an ability to provide fully informed consent to such gender transitioning of their minor children violates their fundamental constitutional rights. Third, issuance of the stay will only help others whose constitutional rights are also being violated by the Official Government Policies on Gender Transition. Finally, and fourth, as in *Mirabelli*, the balance of the equities favors the plaintiffs since an "injunction here promotes child safety by guaranteeing fit parents a role in some of the most consequential decisions in their children's lives." *Mirabelli*, 2026 U.S. LEXIS 1192, *7.

The requested preliminary injunction seeks to compel the Attorney General from interpreting or executing state law as requiring or allowing for secret gender transitioning of minors in public schools without notice to fit parents and/or guardians, or receipt of their fully informed consent. The application further seeks

7

to have the Acting Commissioner of Education withdraw guidance that provides for the existence of a requirement or option for public school districts to secretly gender transition without notice to fit parents and/or guardians or receiving their fully informed consent. Additionally, the application for an Order to Show Cause seeks to have the defendant school districts barred from promulgating, adopting, or enforcing any district policies which permit gender transition of minor students without notice to fit parents and/or legal guardians, or their fully informed consent.

While the plaintiffs are only five individuals, the requested relief should also apply more broadly to all parents because in each case, irreparable harm will remain ongoing and continuous since at any time, their minor children may be permitted to gender transition without notice to the plaintiffs or without the plaintiff parents' fully informed consent.

The fact that this lawsuit is not currently brought as a class action is of no moment. Once the Official Government Policies on Gender Transition are restrained and enjoined, such relief will automatically apply across the board unless the Court believes it to be feasible to create a carve out only for the plaintiff parents, which will then invite a multitude of similar lawsuits across the state which will inevitably create the same results.

When the United States Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be

8

given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [its] announcement of the rule." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). Moreover, the New Jersey Supreme Court has "long insisted that in the exercise of statutory responsibilities, government must 'turn square corners' rather than exploit litigational or bargaining advantages that might otherwise be available to private citizens." *W.V. Pangborne & Co. v. New Jersey Dep't of Transp.*, 116 N.J. 543, 561 (1989).

Consequently, the Supreme Court's determination in *Mirabelli* applies here. The rule in *Mirabelli* must be applied across the board in the State given such application because an injunction will open the floodgates to identical lawsuits that will compel the same results regardless. That being the case, the New Jersey Attorney General, and the Acting Commissioner of Education, must withdraw all interpretations of law, and must rescind all guidance and/or rules which provide that school districts must or may determine not to notify fit parents and/or legal guardians--that is, parents and/or guardians who are not deemed unfit by Court Order or alleged to be legally unfit by a school district--that their minor children are seeking to gender transition, and/or are not required to receive the fully informed consent of those fit parents and/or legal guardians to such gender transitioning.

Further, the local school district defendants must also be enjoined from

9

promulgating, adopting, and/or enforcing all such policies. Moreover, in order to turn square corners, the injunctive relief must be applied across the board to the parents of all minor children in the local school districts in question. Otherwise, only five plaintiffs will have the trampling of what likely are their fundamental constitutional rights brought to light and potentially vindicated, whereas all other parents of minor children in the subject public schools will remain in the dark as the defendant school districts continue to interfere and threaten fit parents' and/or legal guardians' First Amendment and Fourteenth Amendment constitutional rights.

Thus, notification must be provided to all parents and/or legal guardians of minor children in public schools that the Official Government Policies on Gender Transition have been legally determined to likely be unconstitutional. Further, those fit parents and/or legal guardians who have or had children presently or in the past that were gender transitioned without notice and/or without the parents' and/or legal guardians' express and fully informed consent, should also be notified that it is likely that their fundamental constitutional rights were violated. The defendants have such a duty to all fit parents and/or legal guardians who have likely been adversely affected by their actions because they must turn square corners so that nobody is further harmed by such Official Government Policies on Gender Transitioning.

10

## CONCLUSION

Based on the foregoing, the plaintiffs are entitled to a temporary restraining order and, after a hearing on the merits, a preliminary injunction which prevents defendants from further promulgating, adopting, and/or enforcing the Official Government Policies on Gender Transition or any similar policy pending the outcome of this matter on the merits. Further, the plaintiffs are entitled to an Order compelling the defendants to advise parents in all school districts that Gender Identity and Expression policies which permit or require school districts not to provide notice and/or to receive fully informed consent from fit parents and/or legal guardians, are likely unconstitutional. They must further reveal all information about secret gender transitioning of minor public school students to the parents and/or legal guardians of such children.

In the alternative, all such relief should be limited only to the plaintiffs herein.

Respectfully submitted,
**MURRAY-NOLAN BERUTTI LLC**
*Attorneys for the plaintiff*

*s/Ronald A. Berutti*

By:_____
            Ronald A. Berutti

Dated: April 28, 2026

11