

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

April 29, 2026

**VIA ECF**
Honorable Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Courtroom 4E
Trenton, New Jersey 08608

> Re:  ***Lema, et al. v. Davenport, et al.,***
> **Civ. No. 3:26-cv-4682 (RK) (JTQ)**

Dear Judge Kirsch:

This afternoon, the Attorney General of the State of New Jersey was electronically served with the Complaint in this action. The Complaint attaches an Order to Show Cause seeking a temporary restraining order and preliminary injunction enjoining certain state policies concerning transgender students. The Attorney General and Commissioner of Education, another state defendant, intend to move promptly to consolidate this case with *Heaps (formerly Doe) v. Delaware Valley Regional High School Board of Education, et al.*, No. 3:24-cv-00107—a related case that involves a substantially similar challenge seeking to enjoin the same state policies at issue here—and will be filing that request in that first-filed docket.

Consistent with Local Civil Rule 40.1(c), this case should have been designated at the time of filing as related to *Heaps*, "a[] case already … pending in this Court," and "assigned to" the judge presiding over *Heaps* because the two actions "grow[] out of the same transaction." Loc. Civ. R. 40.1(c). The



plaintiff in *Heaps*—who is represented by the same counsel as the *Lema* plaintiffs—filed an amended complaint last week challenging the exact same set of state policies and asking for substantially the same relief. Both cases seek an injunction and declaration to prevent the Attorney General from enforcing the New Jersey Law Against Discrimination (NJLAD) against school districts that disregard transgender students' requests to be addressed consistently with their affirmatively expressed gender identities or require blanket notifications of their gender identity. *Compare* Compl. at ¶¶ 4, 9, 49-65 & A, G, 83-88 & A, ECF No. 1, *with* Second Am. Compl. at 6, 70-82 & A, F, 83-90 & D, ECF No. 127, in *Heaps*, No. 24-107. Both cases challenge the state Department of Education's Transgender Student Guidance for School Districts and seek an injunction and declaration to prevent the Commissioner of Education from recommending that school districts adopt policies respecting student pronouns and notifications of their gender identity. *Compare* Compl. at ¶¶ 5, 9, 24, 31, 49-65 & B, H, 83-88 & B, ECF No. 1, *with* Second Am. Compl. at 7, 26, 70-82 & B, G, 83-90 & E, ECF No. 127, in *Heaps*, No. 24-107. And both cases challenge local school district policies that do not require parental consent for a student to have his or her gender identity recognized and respected by the district. *Compare* Compl. at 2-3, 9, 26-31, 49-65 & C, I-J, 83-88 & C-D, ECF No. 1, *with* Second Am. Compl. at 25, 70-82 & C, 83-90, ECF No. 45, in *Heaps*, No. 24-107.

Because this case challenges the same set of legal policies and asks for largely the same relief against the same State Defendants as in *Heaps*, these matters should properly be considered related cases and be "assigned to the same Judge." Loc. Civ. R. 40.1(c). Accordingly, Attorney General Jennifer Davenport and Commissioner Lily Laux intend to move promptly for consolidation of this matter with *Heaps* pursuant to Federal Rule of Civil Procedure 42 and Local Civil Rule 42.1.

Respectfully yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: */s/Matthew Lynch*
    Matthew Lynch
    Deputy Attorney General

cc:  Counsel of Record (via ECF)