

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 0114
TRENTON, NJ  08625-0114

**MIKIE SHERRILL**
*Governor*

**DR. DALE G. CALDWELL**
*Lt. Governor*

**JENNIFER DAVENPORT**
*Attorney General*

**MICHAEL C. WALTERS**
*Director*

August 13, 2026

*<u>Via ECF</u>*
Honorable Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Courtroom 4E
Trenton, New Jersey 08608

> **Re:**   ***Lema, et al. v. Davenport, et al.,***
> **Civ. No. 3:26-cv-4682 (RK) (JTQ)**

Dear Judge Kirsch:

State Defendants write in response to Plaintiffs' application for an Order to Show Cause seeking a temporary restraining order and preliminary injunction. ECF No. 23. That motion seeks to enjoin a state statute (N.J. Law Against Discrimination) and state guidance regarding transgender students' requests to be addressed with certain names or pronouns. Because that motion can be addressed under a normal briefing schedule, there is no need for any action by the Court at this time.

To begin, Plaintiffs have not established that any of their children identify as transgender or will otherwise be subject to the statute or policies at issue. ECF No. 23. So while Plaintiffs claim that they need court intervention by the start of the upcoming school year, there is no reason to think that date has any actual significance. Indeed, their children attended school through the end of the previous school year, yet Plaintiffs have not asserted that the statutes and policies at issue have affected their children to date.

Relatedly, those statutes and policies have been in effect for years. The NJLAD's protections for gender identity and expression were passed in 2006, with a subsequent statute and ensuing guidance issued by the N.J. Department of




Education by 2018. Even the vast majority of the school district policies at issue were promulgated between 2014 and 2019. But Plaintiffs did not file suit until 2026. And "[m]any courts have found that a delay of just weeks or months precludes a showing of irreparable harm." *H-1 Auto Care, LLC v. Lasher*, 2022 WL 13003468, at \*4 (D.N.J. Oct. 21, 2022); *see also Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194 (3d Cir. 2024) (four-month delay); *Lanin v. Borough of Tenafly*, 515 F. App'x 114, 117-18 (3d Cir. 2013) (two-year delay); *New Jersey Staffing All. v. Fais*, 751 F. Supp. 3d 419, 424-25 (D.N.J. 2024) (one-year delay); *Messina v. Coll. of New Jersey*, 566 F. Supp. 3d 236, 249-50 (D.N.J. 2021) (four-month delay); *Curaleaf Holdings, Inc. v. New Jersey Cannabis Regul. Comm'n*, 2026 WL 1481529, at \*15 (D.N.J. May 27, 2026) (collecting cases). So there is no need for an emergency injunction at all, let alone on an expedited briefing schedule.

This is especially true because the normal motion schedule here results in a return date that lands approximately when the school year begins. Given the lack of urgency here—as evidenced by both the lack of any imminent injury and Plaintiffs' delay in bringing this case—the Court may consider (and rule on) Plaintiffs' motion in due course; there are no "good and sufficient reasons why a procedure other than by notice of motion is necessary." *See* Local Civil Rule 65.1. Unless otherwise ordered by the Court, State Defendants therefore plan to respond to Plaintiffs' motion by August 25, 2026 under the normal motion schedule. Per the Court's prior order, State Defendants' other "obligations to respond in the instant matter" remain stayed. *See* ECF No. 16.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:     /s/Matthew Lynch
        Matthew Lynch
        Deputy Attorney General

cc:     Counsel of Record (via ECF)