**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, IRMA NUNEZ, | |
| Plaintiffs | Case No.3:26-cv-04682 (RK)(JTQ) |
| v. | Hon. Robert Kirsch, U.S.D.J. |
| JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the NJDOE, JENNIFER HARRIS, in her official capacity as President of the HACKENSACK BOE, MARILYN DUNHAM, in her capacity as President of the BURLINGTON TWP. BOE, BRENDAN McISAAC, in his official capacity as President of the NORTH HUNTERDON VOORHEES REGIONAL H.S. DISTRICT BOE, DANIEL MacDONNELL, in his official capacity as President of the BETHLEHEM TWP. BOE, HASANI K. COUNCIL, in his official capacity as President of the NEWARK BOE, | **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO INTERVENE** |
| Defendants | |

/s/Karyn L. White
Karyn L. White, Esq.
Pacific Justice Institute- PA/NJ Office
P.O. Box 276600, Sacramento, CA 95827
Bar #289922019 / Email: kwhite@pji.org
Attorney for Movant-Intervenor

**INTRODUCTION**

Scott Medwin (hereinafter "Intervenor Plaintiff" or "Mr. Medwin") respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this action and to name George Dohn, President of the Central Regional School District Board of Education (hereinafter "CRSD"), in his official capacity as an additional defendant.

Intervention is warranted as of right because the Intervenor Plaintiff's interest in protecting his Fourteenth Amendment right to equal protection under the law and his First Amendment right to freedom of speech and the free exercise of his religion, and the State of New Jersey's prohibition against discrimination, cannot be fully represented or protected by the original Plaintiffs' charges against the original Defendants. This interest will be impaired if Mr. Medwin is not permitted to intervene. See Fed. R. Civ. P. 24(a)(2).

In the alternative, Mr. Medwin should be granted leave to intervene because Mr. Medwin's claims against the original Defendants including Jennifer Davenport, in her official capacity as Attorney General of the State of New Jersey; Lily Laux, in her official capacity as Acting Commissioner of the New Jersey Department of Education; and the proposed new Defendant, George Dohn, President of the CRSD BOE, arise out of the same transaction, occurrence, or series of transactions or occurrences. Intervenor Plaintiff's complaint shares a tight factual nexus with the existing lawsuit. The claims are logically related and share the same operational facts, historical background, and core injuries. The major legal theories and factual disputes overlap between the original case and the new parties. Finally, the resolution of the original case will not resolve the Intervenor Plaintiff's claims involving the new Defendant, George Dohn, President of the CRSD BOE.

For the reasons discussed herein, Mr. Medwin respectfully requests that the Court grant his Motion to Intervene. Intervenor Plaintiff attaches a proposed Complaint in Intervention and a proposed Order.

## SUMMARY

Mr. Medwin is the father of a student currently attending CRSD. The original Plaintiffs' action was filed on April 28, 2026, and the operative Amended Complaint was filed on April 30, 2026. The original Plaintiffs are parents of children enrolled in various New Jersey public schools. Original Defendants include the Attorney General, the Commissioner of the NJDOE, and the presidents of five municipal BOEs, including those for Hackensack, Burlington Township, North Hunterdon-Voorhees Regional High School District, Bethlehem Township, and Newark (collectively, the School Boards). The original Defendants are named exclusively in their official capacities. The original Plaintiffs alleged that New Jersey state and local policies requiring schools to keep student efforts to transition confidential from parents, unless the student consents to disclosure, are unconstitutional. The original Plaintiffs disputed the Attorney General's interpretation of NJLAD "that if requested by a student, school districts are required to, or at the very least are permitted to, hide gender transitioning from parents." They further alleged that the related NJDOE guidance violated "long-established constitutional rights of parents." The original Plaintiffs further alleged that the School Boards have followed this State guidance to adopt policies permitting students to explore gender transitioning without mandatory notice to parents. The allegations were not based on any specific application of the School Boards' policies to their children, but rather they objected to the policies on the ground that, at any moment, they could be applied at the child's request, "presenting a constant threat of an immediate and irreparable harm to the plaintiffs' fundamental constitutional rights."

The original Plaintiffs asserted two causes of action under the First Amendment and the Fourteenth Amendment for violation of Plaintiffs' free exercise and substantive due process rights, respectively. They seek extensive declaratory and injunctive relief, as well as reasonable attorneys' fees and costs. Mr. Medwin, as a parent of a child who attends school in the CRSD, has a substantial interest in the matter and seeks to join in the original Plaintiffs' causes of action against an additional defendant, George Dohn, President of the CRSD BOE.

Because the original Plaintiffs seek only injunctive relief regarding NJDOE guidance and the specific school districts and policies therein, Intervenor's interest in protecting his constitutional rights and his State law right to be free from discrimination by the CRSD cannot be represented by the present parties to the lawsuit. Thus, Intervenor Plaintiff seeks to join the original Plaintiffs' claims to enforce the same remedies in his child's school district, namely against Defendant George Dohn, President of the CRSD BOE.

## STANDARD OF REVIEW

Motions to intervene are governed by Fed. R. Civ. P. 24. Motions to Intervene may be made as of right or by permission of the court. *See* Fed. R. Civ. P. 24(a) and (b). Whether motions are made by right or by permission, they must be timely so that the original parties' rights will not be prejudiced. *See* Fed. R. Civ. P. 24(a) and (b).

Motions to intervene by right must be permitted if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention by right must be granted where the prospective intervenor establishes that:

> … (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical

> matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

*Conforti v. Hanlon*, 2023 U.S. Dist. LEXIS 56359, *9-10 (D.N.J. 2023).

In defining the contours of a "significantly protectable" legal interest under Rule 24(a)(2), the Third Circuit has held that: "the interest must be a legal interest . . . [and] [t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* (internal citations omitted). The Court must "therefore determine whether the proposed intervenors are real parties in interest." *Id.* Our courts liberally construe Rule 24(a) "in favor of intervention." Id. (citing *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

Pursuant to Fed. R. Civ. P. 24(b), the Court may permit the parties to intervene to the extent that they have "a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(l)(B). District courts have

> …[d]iscretion to allow intervention "[o]n timely motion" where the movants "[have] a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). The decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Courts also "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Worthington v. Bayer Healthcare LLC*, Civ. No. 11-2793, 2011 U.S. Dist. LEXIS 144369, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982)). Finally, when considering whether to exercise its discretion and allow intervention under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

*Id.* at *13. When considering a motion to intervene, the Court must accept the non-conclusory allegations in the motion as true. *Madison Joint Venture LLC v. Chemo Rsch. S.L.*, 2021 U.S. Dist. LEXIS 262607, *8. (D.N.J. 2021).

## LEGAL ARGUMENT

### I. The Intervenor's Motion is Timely.

The Motion to Intervene is timely. On August 5, 2026, the original Plaintiffs filed an Order to Show Cause seeking a preliminary interlocutory injunction to restrain the Defendants from enforcing Board Policy 5756 and from promulgating any policy that accomplishes the same end of not fully informing parents and/or legal guardians and not obtaining fully informed legal consent to the gender-transitioning of minor children at school and school functions. The State and other Defendants have petitioned the Court to proceed with the OTSC on the normal motion schedule and have indicated to the Court that they will file opposition to the request by August 25, 2026.

A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors:

> (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (treating the timeliness inquiry the same for both types of Rule 24 motions). These three factors are necessarily bound up in one another, see, e.g., *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370, 33 V.I. 311 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."), and we maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene," *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012).

*Wallach v. Eaton Corp.*, 837 F.3d 356, 371-372 (3d Cir. 2016).

The Intervenor satisfies all three factors. First, Intervenor Plaintiff filed this motion while the OTSC is pending and Defendants have not yet filed an opposition. Second, the prejudice to existing parties from intervention is de minimis or nonexistent because Intervenor Plaintiff seeks party status in the procedural infancy of the case. Because the instant case remains in the early stages of litigation, intervention will cause little prejudice. See *Del. Riverkeeper Network v. United*

*States Army Corps of Eng'rs*, 2010 U.S. Dist. LEXIS 152652, *3 (D.N.J. 2010) ("PRPA's Motion is timely because the Complaint in this matter was only filed in November of 2009 and there have been no responsive pleadings filed thus far."). Conversely, the harm to Intervenor Plaintiff if this motion is denied is significant. This litigation directly implicates Intervenor Plaintiff's interest in enforcing fundamental constitutional rights to equal protection of the law, freedom of speech, the free exercise of his religious beliefs, and protection from discrimination as a parent of a child in the CRSD. The original Plaintiffs seek injunctive relief with respect to their own school districts. Should this motion be denied, Intervenor Plaintiff will lose any opportunity to be heard on the important constitutional and statutory issues he faces in the CRSD.

Additionally, Intervenor Plaintiff respectfully asserts that this Court should open the matter to any other potential intervenor plaintiffs who have a child or children in the New Jersey public school system and are not residents of any of the named defendant Boards of Education. Intervenor Plaintiff does not seek to delay the original Plaintiffs' request for an interlocutory order but requests that the Court allow an open period for any other plaintiff in other school districts to submit a motion to intervene and a supporting verified complaint. This is an issue that every Board of Education that approved Policy 5756 must address. Intervenor Plaintiff respectfully asserts that the Court should set a date certain by which new, additional plaintiffs may add their names as intervenor plaintiffs against their School Board to allege that their Board of Education, in adopting Policy 5756, violated the constitutional rights of its citizens.

## II. Intervention As Of Right.

### A. Intervenor Interest In This Litigation

Rule 24(a) requires that the prospective intervenor possess an interest relating to the property or transaction that is the subject of the litigation. "While the type of interest sufficient to

sustain intervention as of right is not amendable to precise definition, a putative intervenor must show at a bare minimum that it has a 'significantly protectable' [... ] interest that is 'direct, not contingent.'" They satisfy this need if they are "real parties in interest." *Mountain Top Condo. Ass'n*, 72 F.3d at 366.

Mr. Medwin has a child who attends CRSD. Any determination by this Court regarding the constitutionality of the Guidance and 5756 Policy will directly affect Mr. Medwin's constitutional rights. This litigation directly implicates Intervenor Plaintiff's interest in enforcing his fundamental constitutional rights in his school district under New Jersey State law.

**B. Disposition Of The Action Would Impair Or Impede The Intervenor's Ability To Protect Her Constitutional Right to Freely Exercise Her Religion.**

An applicant for intervention as of right must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest. Fed. R. Civ. P. 24(a) (emphasis added). Intervenor Plaintiff has a child who attends public school in the CRSD. He alleges that the Guidance and Policy 5756 violate his constitutional rights. These rights will not be protected, or will be substantially impaired or impeded, if he is not allowed to intervene. Intervenor Plaintiff is entitled to be a party to this action to ensure that the CRSD Board of Education's continued support and enforcement of Policy 5756 are found unconstitutional and the policy is repealed.

**C. The Intervenor's Interests Are Not Adequately Represented.**

Finally, intervention by right requires finding a "lack of adequate representation by existing parties." Fed. R. Civ. P. 24(a)(2). An intervenor need only show that representation may "possibly" be inadequate, not that it is inadequate. *Shipyard Assocs., L.P. v. City of Hoboken*, 2014 U.S. Dist. LEXIS 165786, *11 (D.N.J. 2014). The original Plaintiffs seek injunctive relief pursuant to each's own school district. Mr. Medwin is a "real party in interest" whose constitutional rights

demand protection in his child's school district, namely CRSD. The existing parties in this action do not adequately represent his interests.

**D. Summary Of Intervention As Of Right.**

The four elements necessary to allow intervention as of right under Rule 24(a) are present: Intervenor Plaintiff's Motion is timely; Intervenor Plaintiff has a clear and concrete interest relating to the subject matter of this case; Intervenor Plaintiff is at risk that this action may impair his ability to protect his interests; and Intervenor Plaintiff currently lacks adequate representation by the existing parties.

**III. Permissive Intervention Should Be Allowed Under Rule 24(b).**

Fed. R. Civ. P. 24(b)(l)(B) allows the intervenor to intervene, at the Court's discretion, if he has "a claim or defense that shares with the main action a common question of law or fact." As set forth, *supra*, Intervenor Plaintiff has sufficient standing to warrant his interest and defense in the case.

This action concerns, among other things, whether the Guidance and 5756 Policy are constitutional. Intervenor Plaintiff seeks to join in the original Plaintiffs' causes of action. Thus, common questions of fact and law justify intervention. Accordingly, to the extent the Court does not allow intervention as of right under Fed. R. Civ. P. 24(a)(2), exercise discretion because the requested intervention will significantly contribute to the full development of the constitutional issues in the suit and to the just and equitable adjudication of the legal questions presented.

**CONCLUSION**

For the foregoing reasons, Intervenor respectfully requests that the Court permit Intervenor Plaintiff to intervene and grant him full party status in the instant litigation; name George Dohn, president of the CRSD Board of Education, in his official capacity as a Defendant; and grant such

further and additional relief as the Court deems just and equitable.

Dated: August 20, 2026

Respectfully submitted,

/s/Karyn L. White
Karyn L. White, Esq.
Pacific Justice Institute
Pennsylvania/New Jersey Office
P.O. Box 276600
Sacramento, CA 95827
tel. (916) 857-6900
Bar #289922019
kwhite@pji.org
Attorney for Movant-Intervenor