Karyn L. White, Esq.
Pacific Justice Institute
Pennsylvania/New Jersey Office
P.O. Box 276600
Sacramento, CA 95827
tel. (916) 857-6900
Bar #289922019
kwhite@pji.org
Attorney for Movant-Intervenor

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MARIA LEMA, ROBERT SHULL, CHRISTOPHER STADULIS, LAURIE VALENTI, IRMA NUNEZ,

Plaintiffs
and

SCOTT MEDWIN,

Intervenor Plaintiff

v.

JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the NJDOE, JENNIFER HARRIS, in her official capacity as President of the HACKENSACK BOE, MARILYN DUNHAM, in her capacity as President of the BURLINGTON TWP. BOE, BRENDAN McISAAC, in his official capacity as President of the NORTH HUNTERDON VOORHEES REGIONAL H.S. DISTRICT BOE, DANIEL MacDONNELL, in his official capacity as President of the BETHLEHEM TWP. BOE, HASANI K. COUNCIL, in his official capacity as President of the NEWARK BOE,

Defendants
and

GEORGE DOHN, in his official capacity as President of The CENTRAL REGIONAL SCHOOL DISTRICT BOE,

(Proposed) Defendant

Case No. 3:26-cv-04682 (RK) (JTQ)

Hon. Robert Kirsch, U.S.D.J.

**(PROPOSED)**
**INTERVENOR VERIFIED COMPLAINT AND JURY DEMAND**

Intervenor/Plaintiff SCOTT MEDWIN ("Intervenor/Plaintiff"), by his attorney, files this Complaint against JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey; LILY LAUX, in her official capacity as Acting Commissioner of the New Jersey Department of Education; all other named Defendants, who are Presidents of various school boards; and DEFENDANT GEORGE DOHN, in his official capacity as President of the CENTRAL REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, and alleges as follows:

**NATURE OF THE ACTION & REQUESTED RELIEF**

1. This action seeks to set aside and declare unconstitutional the New Jersey Transgender Student Guidance for School Districts (hereinafter, "Guidance"), established by the Commissioner of the New Jersey Department of Education (hereinafter, "NJ DOE"), and to declare unconstitutional proposed Defendant Central Regional School District's (hereinafter, "CRSD") Policy 5756, which implements the Guidance. A copy of the Guidance is attached as **Exhibit A**. A copy of CRSD's Policy 5756 is attached as **Exhibit B**.

2. The Guidance and Policy 5756 have no foundation whatsoever in the Nation's history or traditions. Rather, such positions are being taken for purely political reasons designed to advance social engineering goals, politicize school boards, and build voting coalitions, despite trampling long-established, constitutionally protected rights of objecting parents under the First and Fourteenth Amendments of the United States Constitution.

3. The United States Supreme Court has recently held, in *Mirabelli v. Bonta*, 146 S. Ct. 797 (2026), that policies permitting gender transition without notice to parents and/or guardians, or without their fully informed consent, likely violate the First Amendment rights of parents with religious objections to gender transition and the "long-established precedent" under the Fourteenth Amendment that "parents--not the State--have primary authority with respect to upbringing and

education of their children." (Quotation omitted).

4. Intervenor Plaintiff Medwin is a parent whose child attends public schools in the CRSD. He would not be able to know whether his child is being gender-transitioned in violation of the child's First and/or Fourteenth Amendment rights under the United States Constitution because Defendants' official government policies require secrecy if a minor child requests that the child's parents not be informed. Further, none of the policies in question provides a religious exemption for parents and/or guardians who object to implementing such policies with respect to their minor children.

5. Thus, Intervenor Plaintiff Medwin brings this lawsuit joining in named Plaintiffs (a) seeking injunctive relief precluding Defendants, including proposed DEFENDANT GEORGE DOHN, in his official capacity as President of the CENTRAL REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, from promulgating, adopting, or enforcing any law or policy that violates such constitutional rights by failing to provide notice to parents and/or legal guardians and to require their fully informed consent to the gender transition of their minor children; and (b) compelling Defendants, including proposed DEFENDANT GEORGE DOHN, in his official capacity as President of the CENTRAL REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, to provide notice to all parents and/or legal guardians within their school districts, or, in the case of the NJAG and NJBOE, within their knowledge, as to whether their minor child was ever gender-transitioned in a public school without notice to the parents and/or legal guardians, or to obtain the parents' and/or legal guardians' fully informed consent.

**JURISDICTION AND VENUE**

6. This action is brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, such that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. 23.

7. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), since it is a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Intervenor/Plaintiff Scott Medwin resides in Ocean County, New Jersey, and has a child who attends the CRSD.

9. Defendant JENNIFER DAVENPORT is the NJAG, is a state actor, and is named herein in her official capacity.

10. Defendant LILY LAUX is Acting Commissioner of the NJDOE, is a state actor, and is named herein in her official capacity.

11. All other originally named Defendants are presidents of various Boards of Education in the State of New Jersey and are state actors named in their official capacity.

12. Proposed Defendant GEORGE DOHN is named in his official capacity as President of the CENTRAL REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, 509 Forest Hills Parkway, Bayville, NJ 08721, and is a state actor.

## FACTS COMMON TO ALL COUNTS

13. CRSD is duly organized and formed pursuant to the laws of the State of New Jersey with respect to the establishment of school districts and school boards, and the President of the Board of Education, proposed Defendant George Hohn, in his official capacity, is a state actor.

14. CRSD has promulgated, adopted, and presently enforces District Policy 5756 regarding Gender Identity and Expression in keeping with the NJDOE Guidance, a true copy of which is attached to the Verified Complaint as **Exhibit B** and is incorporated herein by reference.

15. As to the remaining factual allegations, Plaintiff adopts herein all common facts alleged in the original Plaintiffs' April 30, 2026 Amended Complaint. See paragraphs #24-49 in **Exhibit C** attached, a copy of the original Plaintiffs' April 30, 2026 Amended Complaint.

**FIRST COUNT**
**(Declaratory Judgment 28 U.S.C. § 2201)**

16. Intervenor Plaintiff repeats and reasserts each and every allegation above as is fully set forth herein at length.

17. An actual controversy exists among the parties hereto, within the jurisdiction of this Court, as to Intervenor Plaintiff's rights and responsibilities, which is appropriate for a declaration of the rights and other legal relations among and between them, with respect to the matters set forth above.

18. Intervenor Plaintiff is a fit parent who has fundamental constitutional parental rights pursuant to the Fourteenth Amendment to determine how best to raise, nurture, and educate his child.

19. Intervenor Plaintiff has the fundamental constitutional right, in keeping with the First Amendment, to raise his child in accordance with the religious values he believes in.

20. As a fit parent, Intervenor Plaintiff must be presumed to act at all times in the best interests of his minor child regarding parenting decisions associated with raising, nurturing, educating, and caring for his children's mental and physical health, development, and well-being, and their religious upbringing.

21. Included within Intervenor Plaintiff's fundamental constitutional parental rights is the right not to be excluded from decisions regarding their children's mental health.

22. Defendants and proposed Defendant George Dohn as President of the CRSD BOE, in his official capacity, have approved and implemented official policies which have violated the deeply rooted constitutional support for families and the fundamental rights of parents, as found in the Nation's history and traditions.

23. Defendants and proposed Defendant George Dohn as President of the CRSD BOE, in his official capacity, have approved and implemented official policies that have violated Intervenor Plaintiff's religious mores and beliefs, contrary to the deeply rooted support for the free exercise of their religion found in the Nation's history and traditions.

24. To the contrary, there is nothing in the Nation's history or traditions that supports a right under the United States Constitution for minor children to gender transition without notice to their fit parents and/or legal guardians, or to do so without the fully informed consent of fit parents and/or legal guardians, with no opt-out or exemption in such policies for religious objectors.

25. The Guidance violates Intevenor Plaintiff's fundamental constitutional rights under the Fourteenth Amendment, without limitation, because it substitutes, or threatens to substitute, the State's decisions for those of Intervenor Plaintiff with respect to important aspects of his minor children's mental health, welfare, and ultimately physical health, should social transitioning lead to his child's desire to progress with medical gender transitioning, without notice to and the fully informed consent of the minor child's Intervenor Plaintiff, and is thus void and unenforceable.

26. To the extent that the NJLAD, any other state law, the Guidance, and/or the Gender Identity & Expression policies of CRSD forever preclude fit parents and/or legal guardians from receiving notice and providing fully informed consent to all aspects of their minor children's gender transition in public schools, they violate fundamental constitutional parental rights under the Fourteenth Amendment by substituting the judgment of public officials for that of fit parents and/or legal guardians with respect to important aspects of their children's mental health, welfare, and ultimately physical health. They are therefore void and unenforceable.

27. To the extent that the NJLAD, any other state law, the Guidance, and/or the Gender Identity & Expression policies of CRSD violate Intervenor Plaintiff's religious beliefs, such laws and/or policies are void and unenforceable because they violate Intervenor Plaintiff's First Amendment rights, to the extent that they ever preclude fit parents and/or legal guardians from receiving notice and/or from requiring their fully informed consent as to all aspects of gender transitioning of their minor children in public schools.

28. There is no compelling governmental interest for the NJAG, the NJDOE, CRSD, or anyone

operating on their behalf or under their authority to gender-transition a minor child without notice to and fully informed consent from the child's parents and/or legal guardians.

29. Given the ongoing nature of the purported law, Guidance, and Gender Identity & Expression policies in question, Intervenor Plaintiff's minor child may decide to gender transition at school at any time, such that Intervenor Plaintiff, the parent, is not provided notice thereof, cannot give fully informed consent thereto. The harm to Intervenor Plaintiff's fundamental constitutional rights is irreparable, continuous, and ongoing. It cannot be remedied other than by a determination that all such laws, Guidance, and CRSD policies are unconstitutional and void *ab initio*.

30. To the extent that the NJAG or the NJDOE maintains records related to minor children who have been gender-transitioned without notice to their fit parents and/or legal guardians, or without fit parents and/or legal guardians providing fully informed consent, such fit parents and/or legal guardians must be notified in accordance with the state agencies' obligation to "turn square corners" and to apply meaningful backward-looking relief to rectify any unconstitutional deprivation of fundamental rights.

WHEREFORE, Intervenor Plaintiff demands judgment in his favor, and against Defendants, and proposed Defendant George Dohn, as president of the CRSD BOE in his official capacity, as follows:

A. Declaring that, to the extent that the New Jersey Attorney General interprets any State law as requiring or permitting the gender transition of minor children in public schools without notice to and the fully informed consent of fit parents and/or legal guardians, including but not limited to the plaintiffs herein, such interpretation and/or law is unconstitutional under the First Amendment Free Exercise Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and is void *ab initio*;

B. Declaring that, to the extent that the Acting Commissioner of Education promulgates guidance or rules that require or permit the gender transition of minor children in

public schools without notice to and the fully informed consent of fit parents and/or legal guardians, such guidance and/or rule is unconstitutional under the First Amendment Free Exercise Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and is void *ab initio*;

C. Declaring that, to the extent that CRSD Board of Education Policy 5756 and/or any other school district policy within the defendant public school systems requires or permits the gender transition of minor children without notice to and/or the fully informed consent of their fit parents and/or legal guardians, including but not limited to the plaintiff herein, such policies are unconstitutional violations of Due Process rights under the Fourteenth Amendment of the United States Constitution and the First Amendment's Free Exercise clause, and are void *ab initio*;

D. Declaring that there is no compelling governmental interest in any of Defendants' or proposed Defendant George Dohn's legal positions that provide for the gender transition of minor children without notice to, or fully informed consent of, fit parents and/or legal guardians, including, but not limited to, Intervenor Plaintiff herein;

E. Declaring that there is no fundamental right under the United States Constitution for a minor to undergo gender transition;

F. Declaring that any and all State laws, guidance, rules, and/or policies cause irreparable harm to fit parents and/or legal guardians, including but not limited to Intervenor Plaintiff herein, to the extent that they do not require notice to and fully informed consent for the gender transition of his minor child, and are void *ab initio*.

G. Permanently restraining and enjoining the New Jersey Attorney General, and anyone acting under her, from interpreting or enforcing any State law that requires or permits interference with any aspect of fit parents' and/or legal guardians' education of their minor children, including, without limitation, issues related to a child's mental health, welfare, physical

health, gender transitioning, and/or the free exercise of religion in public school, in any way, without notice to and the fully informed consent of the fit parents and/or legal guardians of such minor children;

H. Permanently restraining and enjoining the Acting Commissioner of Education, and anyone acting under her or through her, from promulgating, adopting, or enforcing any rule or guidance that requires or permits interference with any aspect of fit parents' and/or legal guardians' education of their minor children, including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of religion in public school, without notice to and the fully informed consent of such fit parents and/or legal guardians;

I. Permanently restraining and enjoining all original Defendant Boards of Education and proposed Defendant CRSD Board of Education, acting by and through their Board of Education Presidents and/or anyone working for or with them, from promulgating, adopting, and/or enforcing any District Policy that deprives fit parents and/or guardians, including but not limited to Intervenor Plaintiff herein, of notice and fully informed consent with respect to any aspect of their children's education, including, without limitation, issues related to a child's mental health, welfare, physical health, gender transitioning, and/or the free exercise of the fit parents' and/or legal guardians' religion, in particular;

J. Compelling proposed Defendant CRSD, acting by and through its Board of Education Presidents and/or anyone working for or with them, to inform all fit parents and/or legal guardians of students who were minors within the districts at any time, including but not limited to Intervenor Plaintiff herein, whether his child was gender-transitioned without notice and/or without fully informed consent, including but not limited to Intervenor Plaintiff herein;

K. Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to Intervenor Plaintiff herein, that his minor child is being or

has been gender-transitioned without the fit parents' and/or legal guardians' receipt of notice and/or their fully informed consent;

L. Providing temporary restraints and preliminary injunctive relief as needed;

M. Awarding Intervenor Plaintiff all costs of suit, including reasonable attorneys' fees and costs;

N. Awarding such other and further relief as may be equitable and just.

**<u>SECOND COUNT</u>**
**(42 U.S.C. § 1983 –Due Process/Parental Rights)**

31. Intervenor Plaintiff repeats and reasserts each and every allegation above as is fully set forth herein at length.

32. All Defendants and proposed Defendant CRSD Board of Education, acting by and through its Board of Education Presidents, knowingly committed a constitutional tort by creating official policies that require and/or permit the gender transition of minor children without notice to fit parents and/or legal guardians and without their fully informed consent, thereby frustrating long-established constitutional Due Process Parental Rights under the Fourteenth Amendment of the United States Constitution.

33. The NJAG and NJDOE have and had provided a purported legal basis for the unconstitutional conduct of proposed Defendant CRSD through legal interpretations and Guidance that violated long-established Parental Rights under the Fourteenth Amendment of the United States Constitution.

34. Such constitutionally tortious conduct was undertaken by all Defendants and proposed Defendant CRSD Board of Education, acting by and through its Board of Education Presidents, as a matter of public policy, custom, and practice under color of law.

35. There is no compelling, significant, or other reasonable governmental interest for any state

actor to gender-transition minor children in violation of Intervenor Plaintiff's fundamental constitutional rights as aforesaid, and the acts of all Defendants and proposed Defendant CRSD Board of Education in this regard are otherwise arbitrary, capricious, and/or irrational.

36. The subject official legal interpretations, Guidance, and Gender Identity & Expression policies violate the United States Constitution's Fourteenth Amendment, cause continuous and irreparable harm, endanger the health of minor children, and are otherwise inequitable, making it likely that Intervenor Plaintiff will succeed on the merits.

37. The balance of hardships favors fit parents whose fundamental constitutional rights are being harmed, and it outweighs any hardship that may be suffered by all Defendants and proposed Defendant, CRSD Board of Education, which, given their constitutional violations and the danger presented to children of fit parents and/or legal guardians, is non-existent.

38. The public interest demands that the fundamental Fourteenth Amendment constitutional rights of fit parents and/or legal guardians prevail over Defendants' and proposed Defendant CRSD's desire to advance social engineering goals, politicize school boards, and build voting coalitions, or any other purported reason related to child protection or otherwise, especially since such social engineering goals, political considerations, vote-building coalitions, or other alleged reasons present a potential danger to the well-being of minor children who are deprived of their parents' and/or legal guardians' advice and support.

39. By their actions, Defendants and proposed Defendant CRSD, acting by and through its Board of Education Presidents, have acted under color of law to deprive Intervenor Plaintiff, and all fit parents and/or legal guardians of minor children of the rights, privileges, or immunities secured by the Fourteenth Amendment to the United States Constitution, and have caused, and continue to cause, Intervenor Plaintiff to suffer irreparable harm.

WHEREFORE, Intervenor Plaintiff demands judgment in their favor, and against defendants, as follows:

A. Permanently restraining and enjoining the NJAG, and anyone acting under or through her, from enforcing the NJLAD or any other state law to the extent that it may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent for any gender transition of their minor children, in violation of the Fourteenth Amendment to the United States Constitution;

B. Permanently restraining and enjoining the Acting Commissioner of the NJDOE, and anyone acting under or through her, from providing guidance to a New Jersey district school to the extent that it may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent for any gender transition of their minor children, in violation of the Fourteenth Amendment to the United States Constitution;

C. Permanently restraining and enjoining all Defendant BOEs and the Intervened Defendant CRSD Board of Education, acting by and through their Board of Education Presidents and anyone working for or with them, from promulgating, adopting, and/or enforcing policies that may deprive fit parents and/or legal guardians, including but not limited to the plaintiffs herein, of notice and the right to provide fully informed consent to any gender transition of their minor children, in violation of the Fourteenth Amendment to the United States Constitution;

D. Compelling the Intervened Defendant, the CRSD Board of Education, acting by and through its Board of Education President, and all named BOE Defendants, and/or anyone working for or with them, to inform all fit parents and/or legal guardians of students who were minors within the districts at any time that their child was gender-transitioned without notice to and/or without receiving fully informed consent from the fit parents and/or legal guardians,

including but not limited to Plaintiffs herein;

E. Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to the plaintiffs herein, that their minor children are being or have been gender-transitioned without those fit parents' and/or legal guardians' receipt of notice and/or fully informed consent to such gender transitions;

F. Awarding the plaintiffs all costs of suit, including reasonable attorneys' fees and costs, per statute;

G. Awarding such other and further relief as may be equitable and just.

## **THIRD COUNT**

(42 U.S.C. § 1983 Free Exercise)

40. Intervenor Plaintiff repeats and reasserts each and every allegation above as is fully set forth herein at length.

41. All Defendants, including Intervened Defendant CRSD BOE, knowingly committed a constitutional tort by creating official policies that require and/or permit the gender transition of minor children without notice to fit parents and/or legal guardians and without their fully informed consent, thereby frustrating long-established constitutional First Amendment Free Exercise rights under the United States Constitution.

42. The NJAG and NJDOE have and had provided a purported legal basis for the unconstitutional conduct of all named Defendant BOEs and the Intervened Defendant CRSD BOE through legal interpretations and Guidance that violated long-established Free Exercise rights under the First Amendment of the United States Constitution.

43. Such constitutionally tortious conduct was undertaken by all Defendants and the Intervened Defendant CRSD BOE as a matter of public policy, custom, and practice under color of law.

44. There is no compelling, significant, or other reasonable governmental interest for any state

actor to gender-transition minor children in violation of Intervenor Plaintiff's fundamental constitutional rights as aforesaid. The acts of all defendants and Intervened Defendant CRSD BOE in this regard are arbitrary, capricious, and/or irrational.

45. The existence of the subject official legal interpretations, Guidance, and Gender Identity & Expression policies violates the United States Constitution's First Amendment and is causing continuous and irreparable harm, endangering the health of minor children, and otherwise inequitable, such that Intervenor Plaintiff and all other named Plaintiffs are likely to succeed on the merits, particularly because they do not provide an opt-out for fit parents and/or legal guardians who maintain religious objections to the same.

46. The balance of hardships in favor of fit parents and/or legal guardians whose fundamental constitutional rights are being harmed is much greater than any hardship that Defendants may suffer, including Intervened Defendant CRSD BOE, which, given their constitutional violations and the danger presented to children of fit parents and/or legal guardians, is non-existent.

47. The public interest demands that the fundamental First Amendment rights of fit parents and/or legal guardians prevail over Defendants' and Intervened Defendant CRSD BOE's desire to advance social engineering goals, politicize school boards, build voting coalitions, or any other alleged reason, such as child safety, especially since such social engineering goals, political considerations, vote coalition building, or any other purported reason related to child protection or otherwise, pose a potential danger to the well-being of minor children who are deprived of their parents' and/or legal guardians' advice and support.

48. By their actions, all Defendants, including Intervened Defendant CRSD BOE, have acted under color of law to deprive Intervenor Plaintiff, all named Plaintiffs, and all fit parents and/or legal guardians of minor children of rights, privileges, or immunities secured by the First Amendment to the United States Constitution, and have caused, and continue to cause, the Plaintiffs to suffer

irreparable harm.

WHEREFORE, Intervenor Plaintiff demands judgment in their favor, and against Intervened Defendant CRSD BOE and all Defendants, as follows:

A. Permanently restraining and enjoining the NJAG, and anyone acting under or through her, from enforcing the NJLAD or any other state law to the extent that it may deprive fit parents and/or legal guardians, including but not limited to Intervenor Plaintiff herein, of notice and the right to provide fully informed consent for any gender transition of his minor child, in violation of the First Amendment to the United States Constitution;

B. Permanently restraining and enjoining the Acting Commissioner of the NJDOE, and anyone acting under or through her, from providing guidance to a New Jersey district school to the extent that it may deprive fit parents and/or legal guardians, including but not limited to the Intervenor Plaintiff herein, of notice and the right to provide fully informed consent for any gender transition of his minor child, in violation of the First Amendment to the United States Constitution;

C. Permanently restraining and enjoining the proposed Defendant CRSD Board of Education and all other named BOE Defendants, acting by and through their Board of Education Presidents and anyone working for or with them, from promulgating, adopting, and/or enforcing policies that may deprive fit parents and/or legal guardians, including but not limited to Intervenor Plaintiff herein, of notice and the right to provide fully informed consent for any gender transition of his minor child, in violation of the First Amendment to the United States Constitution;

D. Compelling the proposed Defendant, the CRSD Board of Education, and all named Defendants, acting by and through their Board of Education Presidents and/or anyone working for or with them, to inform all fit parents and/or legal guardians of students who were minors within the districts at any time that their child was gender-transitioned without notice to and/or without receiving fully informed consent from the fit parents and/or legal guardians, including but not

limited to the plaintiffs herein;

E. Compelling the NJAG and/or the NJDOE to disclose to all fit parents and/or legal guardians, including but not limited to Intervenor Plaintiff herein, that his minor child is being or has been gender-transitioned without those fit parents' and/or legal guardians' receipt of notice and/or fully informed consent to such gender transitions;

F. Awarding Intervenor Plaintiff all costs of suit, including reasonable attorneys' fees and costs, per statute;

G. Awarding such other and further relief as may be equitable and just.

## JURY DEMAND

Intervenor Plaintiff demands trial by jury on all Counts so triable.

Dated: August 20, 2026

Respectfully submitted,

**/s/Karyn L. White**
Karyn L. White, Esq.
PJI/PA/NJ Office
P.O. Box 276600
Sacramento, CA 95827
tel. (916) 857-6900
Bar #289922019
kwhite@pji.org
Attorney for Plaintiff/Intervenor

## DECLARATION

Pursuant to 28 U.S.C. § 1746(2), I, Scott Medwin, hereby declare that I have read the foregoing Verified Complaint and Jury Demand. Based upon my personal knowledge, I declare under penalty of perjury that the statements set forth in this Complaint are true and accurate.

**s/Scott Medwin**
Scott Medwin, Intervenor Plaintiff