**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA LEMA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER DAVENPORT, in her official capacity as Attorney General of the State of New Jersey, *et al.*,<br><br>Defendants. | No. 26-cv-4682 (RK) (JTQ)<br><br>*Electronically Filed*<br><br>Motion to Intervene Return Date: September 21, 2026 |

# BRIEF OF DEFENDANTS JENNIFER DAVENPORT AND LILY LAUX IN OPPOSITION TO SCOTT MEDWIN'S MOTION TO INTERVENE

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 080
Trenton, New Jersey 08625
*Attorneys for Defendants*
*Jennifer Davenport and Lily Laux*
colin.klika@law.njoag.gov

Matthew Lynch
Colin Klika
*Deputy Attorneys General*

# TABLE OF CONTENTS

**Page**


INTRODUCTION .......... 1

BACKGROUND .......... 1

ARGUMENT .......... 2

I. Medwin Is Not Entitled To Mandatory Intervention .......... 2

II. The Court Should Not Affirmatively Invite Other Plaintiffs To Intervene .......... 4

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Harris v. Pernsley*,
820 F.2d 592 (3d Cir. 1987) .......... 4

*Heaps v. Delaware Valley Reg'l High School Bd. of Educ.*,
No. 24-107, 2026 WL 2192214 (D.N.J. July 30, 2026) .......... 5

*Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*,
863 F.3d 245 (3d Cir. 2017) .......... 3, 4

*United States v. Territory of Virgin Islands*,
748 F.3d 514 (3d Cir. 2014) .......... 3, 4

## Rules

Fed. R. Civ. P. 24 .......... passim

## INTRODUCTION

State Defendants, Attorney General Jennifer Davenport and Commissioner Lily Laux of the New Jersey Department of Education, in their official capacities, respectfully submit this brief in partial opposition to Scott Medwin's Motion to Intervene. (*See* ECF No. 31.) Although Medwin does not meet the requirements for mandatory intervention under Rule 24(a), the State Defendants take no position on permissive intervention under Rule 24(b). *See* Fed. R. Civ. P. 24(a)-(b). But in all events, State Defendants oppose Medwin's request to "open the matter to any other potential intervenor[s] … who have a child in the New Jersey public school system" (ECF No. 31-1 at 7), because there is no basis for expanding the litigation in this manner, and it would cause unnecessary and unjustified delay.

## BACKGROUND

Plaintiffs are five parents with children who are students in the Hackensack, Burlington Township, Bethlehem Township, Newark, and North Hunterdon-Vorhees Regional school districts. (ECF No. 6 ¶¶ 10-14.) They sue the presidents of each school district's relevant board, challenging school-district policies related to students' "gender identity or expression." (*Id.* ¶¶ 17-21, 24-31.) They also sue State Defendants, broadly claiming that both the New Jersey Law Against Discrimination and the Department of Education's Transgender Student Guidance for School Districts issued in 2018 are unlawful to extent they have encouraged districts to take "a 'student-centered approach' to students who believe themselves to be transgender." (*Id.* ¶¶ 4-5, 15-16.) Plaintiffs filed this suit even though they did not allege that any of their children are transgender, gender nonconforming, or struggling with their gender identities.

On August 5, 2026, Plaintiffs filed an order to show cause seeking a temporary restraining order and preliminary injunction. (ECF No. 23.) Defendants opposed on August 25. (ECF Nos. 32-35.) Plaintiffs replied on September 1. (ECF No. 37.) That motion is currently pending.

On August 20, 2026, Medwin moved to intervene as a plaintiff and to add the President of the Central Regional School District (CRSD) as a defendant. (ECF No. 31.) Medwin represents that he "is the father of a student currently attending CRSD," and even though he also does not allege that his child is transgender, gender nonconforming, or struggling with their gender identities, Medwin seeks to assert the same claims as the original plaintiffs against CRSD. (ECF No. 31-1 at 3-4 ("Mr. Medwin … seeks to join in the original Plaintiffs' causes of action against an additional defendant … President of the CRSD BOE.").) Medwin also "asserts that th[e] Court should open the matter to any other potential intervenor plaintiffs who have a child … in the New Jersey public school system and are not residents of any of the named defendant Boards of Education." (*Id.* at 7.)

## ARGUMENT

### I. Medwin Is Not Entitled To Mandatory Intervention.

State Defendants leave to the sound discretion of the Court Medwin's request for permissive intervention. Such intervention is appropriate where, on timely motion, the proposed intervenor shows that he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see*

*also United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014) ("[D]istrict courts have broader discretion in making a determination about whether permissive intervention is appropriate as opposed to intervention as of right.").

Nevertheless, State Defendants oppose—and ask the Court to reject—Medwin's assertion that he is entitled to intervention as of right. *See* Fed. R. Civ. P. 24(a). Such intervention is appropriate where, on timely motion, the proposed intervenor shows that he "claims an interest relating to the … transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "A potential intervenor must satisfy four criteria to succeed … pursuant to Rule 24(a)(2): '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" *Territory of Virgin Islands*, 748 F.3d at 519. Each element must "be met before intervention is proper." *Id.*

Here, Medwin's motion to intervene as of right is fatally flawed for multiple reasons. Notably, his legal interest is not actually in the present action. What Medwin wants is to sue CRSD, another school district that is not presently involved in this case, to prevent harms allegdly imposed by CRSD's separate policy. The resolution of the *current* Plaintiffs' claims against the *current* Defendants, however, would not impair any interest Medwin may have because he would retain his ability to bring his own separate claim against CRSD. His interest in the pending suit is thus, at most, indirect and incidental. This is not sufficient for intervention as of right. *See, e.g.*, *Seneca Res. Corp. v. Twp. of*

*Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 256 (3d Cir. 2017) ("It is not sufficient that the claim be incidentally affected[.]"); *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) ("To intervene as of right …, the applicant must do more than show that his or her interests may be affected in some incidental manner. Rather, the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.").

Medwin also fails to explain why any interest he may have in *this* action is "not adequately represented by an existing party." Fed. R. Civ. P. 24(a)(2). To meet this criterion, Medwin has to show at least one "of three possible grounds: '(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.'" *Territory of Virgin Islands*, 748 F.3d at 519-20. Medwin has not even attempted to explain which ground he could meet here. Instead, he claims that his interests are not adequately represented because his "rights demand protection in his child's school district, namely CRSD." (ECF No. 31-1 at 8-9.) That is not a proper explanation of why his interests in *this* action are not "adequately represented" by existing parties but simply a reiteration of Medwin's desire to initiate a new action against CRSD. So intervention as of right fails on multiple fronts.

## II. The Court Should Not Affirmatively Invite Other Plaintiffs To Intervene.

State Defendants also oppose—and ask the Court to reject—Medwin's request for this Court to "open the matter to any other potential intervenor." (ECF No. 31-1 at 7.) Medwin offers no legal authority for his extraordinary suggestion that the Court

*sua sponte* solicit the creation of some kind of centralized mass action. Intervention is considered on a case-by-case basis and is initiated by proposed intervenors filing motions explaining their interest and why they should be permitted to join. *See* Fed. R. Civ. P. 24. To depart from this practice and to invite any parent with "a child or children in the New Jersey public school system" would unnecessarily delay the resolution of this matter and exceed beyond this Court's authority. *Cf. Heaps v. Delaware Valley Reg'l High School Bd. of Educ.*, No. 24-107, 2026 WL 2192214, at *3-5 (D.N.J. July 30, 2026) (denying consolidation of this action with another case challenging "same set of state policies" based on "the potential for prejudice and delay"). Moreover, it could lead to an unwieldy amalgamation of potentially disparate claims involving varying facts that would undermine rather than promote judicial efficiency. That is precisely why the federal rules provide that intervention is to be assessed on a case-by-case basis at the time a proposed intervenor moves to intervene.

## CONCLUSION

This Court should deny Medwin's motion to intervene as of right under Fed. R. Civ. P. 24(a) and deny Medwin's request to "open the matter" to additional intervenors.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: */S/Matthew Lynch*
Matthew Lynch
Deputy Attorney General